Our fifth case for argument is Camacho v. English. Good morning, Your Honors. Mr. Sample. Good morning, Your Honor. May it please the Court, Brandon Sample on behalf of the appellant, Freddie Camacho. Mr. Camacho is seeking a remand, so the District Court may more fully consider whether Camacho is entitled to 2241 relief on his claim that Verge v. United States impacts his life sentence. Mr. Camacho's 2241 petition was filed pro se in the District Court and summarily decided without the response from the government. At the time of the District Court's decision, the District Court did not have the benefit of this Court's decision in Krieger v. United States, which was handed down late last year. Mr. Camacho, who is serving a life sentence, is now represented by counsel and should have the opportunity to more fully develop his claims in the District Court. He has essentially raised two claims. One is that Verge impacts his sentence by way of 1201A. He was convicted of kidnapping. There is a dispute over whether or not he received a mandatory life sentence under the statute, but even if it's determined that he did not receive a mandatory life sentence under 1201A, it seems pretty clear that he did receive a life sentence as a result of the murder cross-reference at the time when he was sentenced in 1997. Guidelines. I must say I don't understand that line of argument. Has the Supreme Court ever held that there is any problem with judicial decisions on a preponderance of the evidence for the purpose of calculating a guideline sentence? No, Your Honor. That seems to be the underlying argument here, and since it is, so far as I can tell, a flop of an argument, what is there left? I think actually, Your Honor, that in Krieger this Court talked about the causation issue and said that it didn't actually go to burdens of proof, such as preponderance or reasonable doubt. It actually, Verge went to what must be proved. So we're not asking the Court to actually hold anything with respect to the preponderance standard. We're simply saying that the causation requirement should also apply in the context of at least the cross-reference provision, which has the similar death results language that the Supreme Court decided in Verge. And based on the fact that Mr. Camacho's pleadings, which were filed pro se, were rather rambling at times and incoherent, we think that he has presented at least a colorable claim that he should be allowed to more fully develop in the district court. A reasonable position. Anything more? No, Your Honor. Ms. Oswald. Good morning. May it please the Court, Counsel. My name is Barbara Oswald. I represent the respondent in this case. Freddy Camacho and his accomplices abducted an individual who was scheduled to testify for the government in a federal drug case. They took him across the border at gunpoint to Mexico, where he was found murdered. The cause of death was asphyxiation. The trial court in that case found that the victim was murdered in the perpetration of a kidnapping and applied the cross-reference for murder that's found in the sentencing guideline 2A4.1, the guideline for kidnapping. Mr. Camacho appealed that on direct appeal to the Fifth Circuit, arguing that he was not charged with murder and murder was not proven at trial, and therefore his sentence should be reversed. That was rejected by the Fifth Circuit, in which they specifically did note that he was sentenced under the sentencing guideline 2A4.1. He then tried to make a similar argument on his 2255 case, and again that was rejected. And now he tries to seek relief basically on the same argument under Section 2241. And as this court is aware, relief under 2241 is limited to those very rare circumstances where 2255 is inadequate or ineffective. 2241 is not a mechanism for relitigating claims that the prisoner believes were incorrectly decided on direct appeal or in 2255. It's interesting to note that Mr. Camacho is seeking remand at this point. In his initial petition and in his initial brief to this court, he was asking that this court grant his petition for habeas relief. Now he's asking for the opportunity to develop the facts further. And I don't believe the court needs to do that in this case because the case on which he relies to meet the Davenport criteria, barrage, simply does not apply. First of all, Mr. Camacho argues here that Section 1201A, the mandatory life provision, there's a dispute about whether or not that applies in this case. There is no dispute. He himself, in his brief in the Fifth Circuit, argued that he was improperly sentenced under the sentencing guideline for 2A4.1, that cross-reference for murder. The Fifth Circuit noted that. And in his 2255 case, when the sentencing judge in this court denied the certificate of appealability, that judge specifically stated that he was sentenced not under the mandatory life provision of 1201A, but under the cross-reference for murder found in 2A4.1. Neither 2A4.1 nor the statute that it references, which is the murder statute, has the results from language that barrage would apply to. As this court is aware, barrage was examining that results from language in the context of Section 841, which has a provision that says if death or serious bodily injury results from the use of such substance, meaning the substance that was distributed by the defendant in that case. That case was a case in which, in the words of the district court in this case, the cause of death was murky. It was unclear whether or not the drug that killed the individual was the drug that the defendant distributed or it was some other substance that the individual had ingested. That is, the issue was whether or not the use of that particular substance was the cause of death. What's the actual cause of death in that case as opposed to some other cause? Barrage simply has no bearing in this case because Petitioner was not sentenced under a similar provision. If you look at Section 2A4.1, it says if the victim was killed under circumstances that would constitute murder under 18 U.S.C. Section 1111, then you apply the first degree murder sentencing guideline. Again, neither 2A4.1 nor Section 1111 contain the words results from. Instead, what it does is incorporate basically the elements of felony murder. To apply the felony murder guideline in this case, the court had to find that the victim was killed with premeditation or in the perpetration of a kidnapping. That is exactly what the trial court found in this case. We unfortunately do not have the sentencing transcript. We do, however, have portions of it that were attached to the Petitioner's motion in this case and also a supplemental brief. From that, we know again that Mr. Camacho and others abducted the victim at gunpoint, took him across the border to Mexico, and delivered him actually to the son of one of the defendants in the federal case. He was murdered there, and the cause of death was asphyxiation. Unlike Barrage, the actual cause of death is not an issue. Asphyxiation was the cause of death. Again, there is no results from language, and Barrage simply does not apply. Essentially, what the Petitioner is arguing in this case is that somehow this court should apply a but-for causation to felony murder. Felony murder is a completely different landscape than what was at issue in Barrage, and that language in Barrage simply does not apply here. Because Barrage does not apply, Mr. Camacho cannot meet the other two criteria for Davenport. He cannot show that there is a retroactive decision that was not available to him at the time that he was proceeding through his 2255, and he absolutely cannot show that there was a fundamental defect in his sentence. The court properly applied the guidelines. He cannot point to any error in the application of the felony murder guidelines to his sentence in this case. As a result, we ask that the court affirm the decision from the district court denying habeas relief in this case. Thank you. Thank you, Counsel. Anything further, Mr. Semple? Just very quickly, Your Honor. I would just like to point out that the court in Barrage, when it was considering the results from language in that case, actually focused in on the word results as opposed to results from. When it took an ordinary meaning approach, looked at the word results, and looked at the dictionary definition of it from that. The government is asking the court to basically say that in order to create, in order to apply Barrage, but for causation requirement, the statute needs to say results from, and we believe, Your Honor, that Barrage only requires that it says results because of the ordinary meaning of that. And we concede that the issue with respect to 1201A and whether or not he received a mandatory life sentence, we note in our reply brief that there is nothing in the sentencing transcript. I have read, Your Honor, the sentencing transcript in its entirety, and there is nothing in it that makes clear that the court imposed the sentence in there pursuant to the mandatory life provision under 1201A. However, it is clear that the court imposed the mandatory cross-reference under the mandatory guidelines, and we believe that Barrage should apply to the murder cross-reference in a mandatory guideline error case. And we'd ask the court to vacate and remand so that way the district court may further consider the issues in this case. Thank you, Your Honors. Thank you very much. The case is taken under advisement.